# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GLEN SHAMBLIN, | CASE NO. CV F 05-0500 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| FRAN RALEY, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Samuel Glen Shamblin ("plaintiff") is a state prisoner and proceeds pro se in this action. This Court issued its July 13, 2006 order ("July 13 order") to require plaintiff, no later than August 17, 2006, to the pay the $350 filing fee for this action or to submit a fully completed in forma pauperis application to demonstrate he is entitled to proceed without prepayment of fees. The July 13 order admonished plaintiff: "**Failure to timely comply with this order will result in a recommendation to dismiss this action.**" (Bold in original.) Plaintiff failed timely to submit the $350 filing fee or an application to proceed without prepayment of fees.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action with his unexplained failure to submit the filing fee or an acceptable application to proceed without prepayment of fees. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The July 13 order admonished plaintiff: "**Failure to timely comply with this order will result in a recommendation to dismiss this action.**" (Bold in original.)  Thus, plaintiff received adequate warning that dismissal will result from

noncompliance with this Court's order and failure to prosecute this action. Quite simply, plaintiff has failed to comply with this Court's order or to meaningfully and intelligently respond.

**CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds plaintiff has failed to: (1) submit the $350 filing fee or an acceptable application to proceed without prepayment of fees; (2) comply with this Court's order; and (3) diligently prosecute this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than September 22, 2006, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 18, 2006**          /s/ Lawrence J. O'Neill
66h44d                                  UNITED STATES MAGISTRATE JUDGE