IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GLEN SHAMBLIN, | CASE NO. CV F 05-0500 OWW LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT AND TO VACATE FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| FRAN RALEY, et al., | |
| Defendants. | |

**BACKGROUND**

Plaintiff Samuel Glen Shamblin ("plaintiff") is a state prisoner and proceeds pro se in this purported 42 U.S.C. § 1983 ("section 1983") action. Plaintiff proceeds on his section 1983 form complaint ("complaint") to name as defendants several court reporters with the Fresno County Superior Court (collectively "defendants"). The complaint alleges defendants altered court transcripts on January 25, 2000, January 26, 2001 and August 1, 2001. The complaint seeks a "full investigation."

This Court issued its July 13, 2006 order to require plaintiff, no later than August 17, 2006, to the pay the $350 filing fee for this action or to submit a fully completed in forma pauperis application to demonstrate that he is entitled to proceed without prepayment of fees. Plaintiff failed timely to submit the $350 filing fee or an application to proceed without prepayment of fees. This Court issued August 18, 2006 findings and recommendations ("August 18 findings and recommendations") to dismiss this action without prejudice on grounds plaintiff failed to: (1) submit the $350 filing fee or an acceptable application to proceed without prepayment of fees; (2) comply with this Court's order; and (3) diligently

1

prosecute this action. On August 28, 2006, plaintiff filed an appropriate application to proceed in forma pauperis, and this Court has granted plaintiff's request to proceed in forma pauperis. As such, this Court VACATES its August 18 findings and recommendations and proceeds to review plaintiff's complaint.

## DISCUSSION

### Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

2

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence for its vague, unsupportable claims which are subject to a limitations defense.

**The Complaint's General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

. . .

   (e)  Pleading to be Concise and Direct; Consistency.

   (1)  Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2), to provide fair notice of claims against defendants, and to demonstrate that plaintiff is entitled to relief as to each defendant. The complaint fails to set forth specific acts, omissions or wrongs by defendants. The complaint fails to allege with any degree of particularity specific overt acts of defendants and in turn, resulting damages from defendants' overt acts. The complaint fails to seek specific relief which this Court is able to award. The complaint makes vague references to "altered" transcripts. Because the complaint fails to satisfy F.R.Civ.P. 8(a)(2) requirements, it must be dismissed.

## The Complaint's Section 1983 Deficiencies

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state

4

law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) against defendants in that it makes vague allegations as to "altered" transcripts. The complaint articulates no deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States.

Section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm. This Court advises plaintiff of the specific need to satisfy the linking requirement.

**Statute Of Limitations**

The complaint raises statute of limitations issues because it focuses on alleged actions in January 2000 and January and August 2001. Without a federal limitations period, federal courts borrow for section 1983 claims the statute of limitations applicable to personal injury claims in the forum state. *See Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985). Applying state law in effect in 2000 and 2001 (Cal. Code Civ. Proc., § 340(3)), claims brought under section 1983 and which arise in California are generally barred if not brought within one year from the date they accrue. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990); *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993); *Donoghue v. County of Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987).

Federal law "determines when a federal cause of action accrues, despite the fact that state law

...

determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir. 1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Tworivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The complaint suggests plaintiff knew or had reason to know of alleged wrongs as early as January 2000. As such, the complaint is susceptible to statute of limitations defenses. Sua sponte dismissal by this Court is appropriate where it appears from the face of the complaint that an action is barred by the statute of limitations. *See Baker v. Cuomo*, 58 F.3d 814 (2d Cir. 1995); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Franklin v. State of Oregon*, 563 F. Supp. 1310 (D. Or. 1983).

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. Such attempt provides further grounds to dismiss plaintiff's complaint.

**Attempt At Amendment**

Plaintiff is granted an opportunity to attempt to amend his complaint to cure deficiencies. Plaintiff is further admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to a prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. VACATES its August 18, 2006 findings and recommendations;
2. DISMISSES plaintiff's complaint and GRANTS plaintiff leave to amend;
3. ORDERS plaintiff, no later than October 5, 2006, to file an amended complaint; and
4. **Admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey**

1  **a court order**.

2  IT IS SO ORDERED.

3  **Dated:**   **August 31, 2006**                         /s/ Lawrence J. O'Neill
   66h44d                                              UNITED STATES MAGISTRATE JUDGE