IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GLEN SHAMBLIN, | CASE NO. CV F 05-0500 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| FRAN RALEY, et al., | |
| Defendants. / | |

## BACKGROUND

Plaintiff Samuel Glen Shamblin ("plaintiff") is a state prisoner and proceeds pro se in this purported 42 U.S.C. § 1983 ("section 1983") action. Plaintiff proceeds on his section 1983 form complaint ("complaint") to name as defendants several court reporters with the Fresno County Superior Court (collectively "defendants"). The complaint alleges defendants altered court transcripts on January 25, 2000, January 26, 2001 and August 1, 2001. The complaint seeks a "full investigation."

This Court issued its August 31, 2006 order ("August 31 order") to dismiss the complaint on grounds that it: (1) fails to satisfy pleading requirements and to allege a cognizable claim; (2) is susceptible to limitations defenses; and (3) appears intended to vex defendants. The August 31 order granted plaintiff up to October 5, 2006 to file an amended complaint and admonished plaintiff that "**failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order.**" (Bold in original.) Plaintiff filed no timely amended complaint.

1

# DISCUSSION

## Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in

repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence for its vague, unsupportable claims which are subject to a limitations defense.

**The Complaint's General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)   Pleading to be Concise and Direct; Consistency.
>
> (1)   Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2), to provide fair notice of claims against defendants, and to demonstrate that plaintiff is entitled to relief as to each defendant. The complaint fails to set forth specific acts, omissions or wrongs by defendants. The complaint fails to allege with any degree of particularity specific overt acts of defendants and in turn, resulting damages from defendants' overt acts. The complaint fails to seek specific relief which this Court is able to award. The complaint makes vague references to "altered" transcripts. Because the complaint fails to satisfy F.R.Civ.P. 8(a)(2) requirements, this Court dismissed it. Despite an opportunity to do so, plaintiff failed to amend the complaint.

**The Complaint's Section 1983 Deficiencies**

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

*States,* 781 F.2d 1334, 1338 (9th Cir. 1986).  The complaint fails to state colorable claims (or any claims for that matter) against defendants in that it makes vague allegations as to "altered" transcripts.  The complaint articulates no deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States.

Section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm. Despite an opportunity to attempt to cure the complaint's deficiencies, plaintiff timely filed no amended complaint.

**Statute Of Limitations**

The complaint raises statute of limitations issues because it focuses on alleged actions in January 2000 and January and August 2001.  Without a federal limitations period, federal courts borrow for section 1983 claims the statute of limitations applicable to personal injury claims in the forum state.  *See Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).  Applying state law in effect in 2000 and 2001 (Cal. Code Civ. Proc., § 340(3)), claims brought under section 1983 and which arise in California are generally barred if not brought within one year from the date they accrue. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990); *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993); *Donoghue v. County of Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987).

Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir.

1997)); *Elliott*, 25 F.3d at 801-802.  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Tworivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The complaint suggests plaintiff knew or had reason to know of alleged wrongs as early as January 2000.  As such, the complaint is susceptible to statute of limitations defenses.  Sua sponte dismissal by this Court is appropriate where it appears from the face of the complaint that an action is barred by the statute of limitations.  *See Baker v. Cuomo*, 58 F.3d 814 (2d Cir. 1995); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Franklin v. State of Oregon*, 563 F. Supp. 1310 (D. Or. 1983).

## Failure To Comply With Orders

Plaintiff failed to comply with the August 31 order to file timely an amended compliant.  This Court's Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or to comply with local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833

F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action with his inexplicable failure to timely file an amended complaint. The third factor – risk of prejudice to defendant – also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The August 31 order admonished plaintiff that "**failure to file an amended complaint in compliance with his order will result in a recommendation to dismiss this action for failure to obey a court order.**" Thus, plaintiff received adequate warning that dismissal would result from noncompliance with this Court's order and failure to prosecute this action. Quite simply, plaintiff has failed to comply with this Court's order and to respond meaningfully and intelligently to it.

### **Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. Such attempt provides further grounds to dismiss this action.

### **CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that plaintiff has failed to: (1) file a complaint to satisfy F.R.Civ.P. 8(a) and to state a cognizable claim which does not appear time-barred or intended to vex; and (2) comply with this Court's order, to respond meaningfully and intelligently to the order, and to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(l) and this Court's Local Rule 72-304. No later than November 15, 2006, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is admonished further that this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated:   October 11, 2006**           /s/ Lawrence J. O'Neill
66h44d                                  UNITED STATES MAGISTRATE JUDGE